

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00371-CV

IN THE INTEREST OF I.M.G. AND
M.L.G., CHILDREN

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant G.L.G., Jr. (Father) appeals from the trial court's order terminating his parental rights to his daughters I.M.G. and M.L.G. After a bench trial, the trial court found by clear and convincing evidence that Father had

- knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being;

---

[1]*See* Tex. R. App. P. 47.4.

- engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the children's physical or emotional well-being;

- failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the children, who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services (TDFPS) for not less than nine months as a result of their removal from the parents under Chapter 262 for abuse or neglect; and

- constructively abandoned the children, who had been in the permanent or temporary managing conservatorship of TDFPS for not less than six months and: (1) TDFPS made reasonable efforts to return the children to Father; (2) he did not regularly visit or maintain significant contact with the children; and (3) he demonstrated an inability to provide the children with a safe environment.[2]

The trial court also found that termination of the parent-child relationship would be in the children's best interests.[3]

Father's court-appointed appellate counsel has filed a motion to withdraw and an *Anders* brief in support, stating that after diligently reviewing the record, he believes that any appeal by Father would be frivolous.[4] Father's appointed appellate counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no

---

[2]*See* Tex. Fam. Code Ann. § 161.001(1)(D)–(E), (N)–(O) (West Supp. 2013).

[3]*See id.* § 161.001(2).

[4]*See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

2

arguable grounds of error to be advanced on appeal.[5]  Although given the opportunity, neither Father nor TDPFS filed a response to the *Anders* brief.

As the reviewing appellate court, we must conduct an independent evaluation of the record to decide whether counsel is correct in determining that Father's appeal is frivolous.[6]  Having carefully reviewed the record and the *Anders* brief, we agree with Father's appellate counsel that his appeal is frivolous and without merit.  We find nothing in the record that arguably might support the appeal.[7]

Accordingly, we grant Father's appellate counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, J.; LIVINGSTON, C.J.; and GARDNER, J.

DELIVERED:  March 6, 2014

---

[5]*See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied).

[6]*See id.*; *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

[7]*See D.D.*, 279 S.W.3d at 850; *see also Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).